___ Priority
✓ Send
___ Clsd
___ Enter
___ JS-5/JS-6
___ JS-2/JS-3



# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARRY R. CHRISTIAN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a corporation; COLLEGIATE DOLL COMPANY, a sole proprietorship; and CLAUDENE CHRISTIAN, an individual,<br><br>Defendants. | CASE NO. CV99-2820 NM (BQRx)<br><br>ORDER FOR SUBSTANTIATING DOCUMENTATION OF DEFENDANT MATTEL'S ATTORNEYS' FEES |

On January 31, 2000, attorneys for Defendant Mattel, Inc. ("Mattel"), Adrian M. Pruetz, Edith Ramirez, Adam D. Samuels, Brett L. Healy and A. Eric Bjorgum, filed their declarations in support of $526,369 in attorney's fees Mattel seeks to recover in defense of this matter. The declarations were filed in response to this court's January 5, 2000 orders granting Mattel's motion for Rule 11 sanctions and requesting the following information in order to award attorney's fees to Mattel:

1. A statement of the services rendered by each person for whose services fees are requested;

2. A summary of the time spent by each person;



3. A brief description of relevant qualifications and experience and a statement of the customary hourly charges of each such person or of comparable prevailing hourly rates or other indication of value of the services.

4. A statement describing the manner in which time records were maintained.

While the requested information is generally included in the attorneys' declarations, it is not supported by either time records or billing invoices. Additionally, the declarations do not specify how much time was spent on different legal tasks performed by each attorney.

James Hicks, the sanctioned attorney, filed his opposition February 14, 2000, arguing that declarations from Mattel's attorneys summarizing the hours expended on the litigation are an insufficient basis for determining the reasonableness of attorney's fees.

In Yagman v. Baden, 796 F.2d 1165, 1184-85 (9th Cir. 1986), the Ninth Circuit set out the standard for an award of attorney's fees in the context of Rule 11 sanctions:

> It is crucial [] that a sanctions award be quantifiable with some precision and properly itemized in terms of the perceived misconduct and the sanctioning authority . . . . [A]n essential part of determining the reasonableness of the award is inquiring into the reasonableness of the claimed fees. Recovery should never exceed those expenses and fees that were reasonably necessary to resist the offending action . . . . [T]he court must make some evaluation of the fee breakdown submitted by counsel.

While the Ninth Circuit has not interpreted Yagman's specificity requirement as requiring explicit findings by the court to support a Rule 11 award, it does consider an award based on time sheets, with detailed calculations set out by the court, as a method which meets the Yagman requirement for quantifying sanction awards. Lockary v. Kayfetz, 974 F.2d 1166 (9th Cir. 1992). Furthermore, in the context of the Copyright and Lanham Acts, the Ninth Circuit has indicated a strong

preference for attorney's fees awards based on underlying time records or bills, as opposed to awards based merely on attorney's declarations or summaries of hours worked. Entertainment Research Group v. Genesis Creative Group, 122 F.3d 1211, 1231 (9th Cir. 1997) (district court erred in not requiring fee applicant to submit its original time records and billing statements in support of fee award under Copyright Act); Intel Corp. v. Terabyte Int'l, 6 F.3d 614 (9th Cir. 1993) (in fee award under Lanham Act, underlying material supporting summaries of attorneys' hours was required).

In this case, the declarations submitted by Mattel's attorneys, while attempting to comply with the courts January 5, 2000 order, do not provide sufficient information for the court to make a proper reasonableness inquiry. As part of its reasonableness inquiry, the court must first decide whether the attorney's fees were incurred in defense of the offending action, and, second, whether the fees were reasonable. As the declarations do not indicate the number of hours attributable to identifiable legal tasks performed, the court has an insufficient basis to determine whether the claimed fees relate to the sanctioned conduct. The absence of this information also hampers the court in evaluating the reasonableness of the fees incurred. Thus, in support of the $526,369 in attorney's fees that it seeks to recover, Mattel shall submit to the court copies of its attorneys' time records, billing statements, and a statement specifying the number of hours expended for each type of service rendered by each attorney no later than April 28, 2000.

IT IS SO ORDERED.

DATED: March 30, 2000

Nora M. Manella
United States District Judge

3