1
2 ___ **Priority**
3 ✓ **Send**
   ___ **Clsd**
4 ___ **Enter**
   ___ JS-5/JS-6
5 ___ JS-2/JS-3
6



7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11  HARRY R. CHRISTIAN, an          CASE NO. CV99-2820 NM (BQRx)
    individual,
12                                  ORDER GRANTING MATTEL, INC.
          Plaintiff,                ATTORNEYS' FEES
13

14        v.

15  MATTEL, INC., a corporation;
16  COLLEGIATE DOLL COMPANY, a
    sole proprietorship; and CLAUDINE
17  CHRISTIAN, an individual,
18        Defendants.
19

20        This court has previously granted defendant Mattel's Motion for Sanctions

21  against plaintiff's counsel, James Hicks, and indicated its intention to impose

22  sanctions based on Mattel's attorney fees incurred in defending this lawsuit. See

23  January 5, 2000 Order Granting Mattel's Motion for Summary Judgment and Rule

24  11 Sanctions; Denying Plaintiff's Special Motion to Strike.  The court predicated

25  its decision to impose sanctions on the finding that the claims Mr. Hicks brought

26  against Mattel were "meritless" and "without factual foundation." Id. at 13.  It

27  further found that Mr. Hicks "has behaved boorishly, misrepresented the facts, and

28  misstated the law." Id. at 14.

1         Rule 11 sanctions are designed to "deter 'costly meritless maneuvers.'"
2    <u>Golden Eagle Distributing Corp. v. Burroughs Corp.</u>, 801 F.2d 1531, 1536 (9th
3    Cir. 1986); <u>cf.</u> <u>In re Yagman</u>, 796 F.2d 1165, 1184 (9th Cir. 1986).  Mr. Hicks has
4    a habit of flouting the rules,[1] filing frivolous claims, and making spurious
5    arguments.  In an order issued in a related case, Judge Matz noted Mr. Hicks'
6    "propensity to relitigate adverse rulings" and to advance positions with no
7    evidentiary support.  <u>Mattel, Inc. v. Claudene Christian</u>, No. 97-6056, January 22,
8    1999 Order at 12 & 13 n.9.  In 1996, the First Circuit struck a cross-appeal Mr.
9    Hicks filed on behalf of his client because it did not conform to the applicable
10   rules or "compl[y] with the briefing schedule issued by the Clerk."  <u>Credit</u>
11   <u>Francais International S.A. v. Bio-Vita, Ltd.</u>, 78 F.3d 698, 700 & 705 (1st Cir.
12   1996).  In <u>Hicks v. Trustees of Columbia University in New York</u>, the court
13   granted summary judgment to the University, finding Mr. Hicks' opposition
14   "sheer conclusory hearsay."  1986 U.S. Dist. LEXIS 23299 (S.D.N.Y. 1986),
15   aff'd, 816 F.2d 669 (2d Cir. 1987).  Last year, this court directed Mr. Hicks to pay
16   $8,475 attorneys' fees incurred as a result of "defense counsel's unexcused failure
17   to timely file an answer or legally adequate responsive pleading to the complaint."
18   July 13, 1999 Order at 2.

19        Mr. Hicks complains that an award of sanctions in the amount requested
20   would be "ruinous."  Hicks' Response to Supp. Decl. of Pruetz at 2.  However,
21   repeated reprimands and sanctions clearly have not had the desired deterrent effect
22   on his behavior.  In fact, Mr. Hicks has continued to draw censure even after this
23   court granted Mattel's Motion for Sanctions in the instant case.  Earlier this year,
24   Magistrate Judge Hillman sanctioned Mr. Hicks $1,500 for causing Mattel to file
25
26
27
28

[1] <u>See, e.g., Mattel v. Claudene Christian</u>, No. 99-4667, June 3, 1999 Discovery Order at 2 (directing Mr. Hicks to comply with Local Rule 7.15).

1   an unnecessary motion to compel,[2] and an additional $5,000 for filing an

2   opposition "without substantial justification" and engaging in "obstructionist

3   deposition behavior."[3] Furthermore, Mr. Hicks expresses no remorse for his

4   conduct here. See Hicks' Response to Supp. Decl. of Pruetz passim. Thus, the

5   Court is not persuaded that non-monetary sanctions will be sufficient "to deter

6   repetition of the offending conduct." Id. at 7.

7          Mr. Hicks further argues that "the simplicity of the factual grounds by

8   which Mattel disposed of Plaintiff's claims demonstrates that the attorneys fees

9   are excessive." Id.; see also id. at 3-4 (citing this court's finding that the baseless

10  nature of plaintiff's claims should have been readily apparent to Mr. Hicks).  In

11  essence, Mr. Hicks contends that Mattel's expenditures were unreasonable

12  because his claims were groundless.  The Seventh Circuit has noted that "shallow

13  claims may require costly replies." Brandt v. Schal Associates, Inc., 960 F.2d 640,

14  646 (7th Cir. 1992) (sustaining Rule 11 sanctions in the amount of $443,564.66).

15  Like the court in Brandt, "we have little sympathy for the litigant who fires a big

16  gun, and when the adversary returns fire, complains because he was firing blanks."

17  Id.

18         The court has considered whether an award of monetary sanctions less than

19  the fees actually incurred would represent an appropriate sanction.  The court has

20  concluded that it would not.  There is no dispute that Mr. Hicks was directly

21  responsible for filing and pursuing this frivolous suit.  Nor is there any dispute that

22  the fees sought were actually incurred and paid.  Moreover, the court is satisfied

23  from the documentation provided by Mattel's counsel that the fees incurred were

24

25

26  _____

    [2] See Mattel v. Gunther-Wahl, No. 99-10834, January 11, 2000 Minute Order re
    Plaintiff's Motion for Monetary Sanctions.

27
    [3] See Mattel v. Gunther-Wahl, No. 99-10834, March 10, 2000 Minute Order re Plaintiff's
28  Motion to Compel and for Sanctions.

3

1 reasonable.[4] While recognizing the significant burden this award imposes, the

2 court has concluded that in light of Mr. Hicks' failure to respond to lesser

3 sanctions and his continuing disregard for the most basic rules governing an

4 attorney's professional conduct, the costs of his unacceptable conduct should fall

5 squarely on him. Finally, while the court may reimburse an adverse party for

6 expenses incurred in disposing of frivolous litigation, it can never compensate the

7 judicial system for the time spent to dispose of an action that should never have

8 been brought. The court can only hope that a sanction of this size will, at last, put

9 a stop to Mr. Hicks' continuing pattern of abuse.

10     To determine the amount of sanctions to be awarded, this court issued an

11 Order directing Mattel's counsel to submit evidence setting forth the fees incurred

12 to defend this litigation and establishing that such fees are reasonable and

13 allowing Defendant's counsel to respond on the issue of the reasonableness of

14 such attorney's fees. See March 31, 2000 Order re Submission of Attorneys' Fees.

15 Mattel sought $526,085.50 in attorneys' fees, including $24,520.50 in fees Mattel

16 incurred by responding to Collegiate Doll Company's cross-claims.. See Supp.

17 Pruetz Decl. ¶ 10 & Exh. A. In initiating this litigation, Mr. Hicks was arguably

18 the "but for" cause of Collegiate Doll Company's cross-claims; however, Mr.

19 Hicks does not represent Collegiate Doll Company. Acordingly, the court

20 declines to award Mattel the $24,520.50 in fees related to Collegiate Doll

21 Company's cross-claims.

22     After reviewing the supporting documentation provided by Mattel, the court

23 is satisfied that the other attorneys' fees Mattel has claimed are both reasonable

24 and proximately caused by Mr. Hicks' pursuit of this frivolous action. Upon full

25 consideration of the papers submitted by each side, the relevant authorities, the

26

27

28

---

[4] While Mr. Hicks challenges the amount of time and work spent in defending his lawsuit, he does not question the billing rates or suggest the work was not actually performed.

4

parties' arguments, and the entire file herein, the Court grants Mattel its attorneys' fees in the amount of $501,565.00.

IT IS SO ORDERED.

DATED: June 12, 2000

Nora M. Manella
United States District Judge